IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>     *Plaintiff*,<br><br>  v.<br><br>MARK MASSI, ROBERT EMMEL, and JO ANN MASSI,<br><br>     *Defendants*. | CIVIL ACTION<br>NO. 16-00169 |

**PAPPERT, J.**                                   MAY 25, 2016

<u>**MEMORANDUM**</u>

  State Farm Fire and Casualty Company ("State Farm") seeks a declaration that it has no duty to defend or indemnify Mark Massi ("Massi") in an underlying lawsuit stemming from Massi's alleged involvement in a bar fight. State Farm filed a motion for partial summary judgment on Counts I and III of its complaint. The Court grants the motion.

**I.**

  Ronald Mannon ("Mannon") sued Massi alleging that Massi violently assaulted and injured Mannon at "R.P. McMurphy's" in Holmes, Pennsylvania. (Mannon Compl. ¶ 10, ECF No. 1-2, Ex. B.) The case is currently proceeding in the Delaware County Court of Common Pleas. *See Ronald Mannon v. Mark Massi*, No. 14-cv-9627 (Del. Cty. Ct. C. P. filed Apr. 15, 2015). Mannon's complaint alleges that Massi was "visibly intoxicated and acting in a violent, uncivilized, unruly and inappropriate manner." (Mannon Compl. ¶ 7.) Before assaulting Mannon, Massi was purportedly involved in multiple verbal and physical confrontations with other bar patrons. (*Id.* ¶ 8.) At approximately 1:33 a.m., security asked Massi to deescalate "an altercation with other patrons inside [the bar]." (*Id.* ¶ 9.) Sometime thereafter, Massi allegedly

1

punched Mannon in the face and knocked him unconscious. (*Id.* ¶ 10.) Mannon also alleges that Massi struck him "in the face with a billiard ball." (*Id.* ¶ 16.)

Mannon's complaint includes causes of action against Massi for negligence (Count I) and assault and battery (Count II). (*Id.* ¶¶ 12–17.) Mannon's negligence claim alleges that his injuries "were caused solely by the intentional act of [Massi] combined with the[] carelessness and negligence of [Massi] . . . ." (*Id.* ¶ 12.) Within the same count, Mannon includes a number of causal allegations with the prefatory phrase: "As a result of the negligent, careless, reckless, malicious and/or violent actions of [Massi] . . . ." (*Id.* ¶¶ 13–15.)

The assault and battery claims allege that Massi "unlawfully, willfully, maliciously and with force and arms assaulted [Mannon] and . . . unlawfully, willfully, maliciously, wrongfully and offensively stricken [sic] [Mannon] in the face with a billiard ball . . . ." (*Id.* ¶ 16.) Also included are claims against the bar which contend, in relevant part, that it provided alcohol to Massi when he was "visibly intoxicated" and "present[ing] an[] unreasonable danger of hazard to [himself], members of the public and other patrons . . . ." (*Id.* ¶¶ 32, 34.)

When the alleged incident occurred, Massi was insured under a homeowner's policy issued by State Farm.[1] (Pl.'s Statement of Facts ("Pl.'s SMF") ¶¶ 1–2, ECF No. 13-3; Defs.' Statement of Facts ("Defs.' SMF") ¶¶ 1–2, ECF No. 14-5.) The policy provides the following with respect to personal liability coverage:

> If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an occurrence, we will:
>
> 1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

---

[1] State Farm issued the policy to Robert Emmel and Jo Ann Massi, respectively Massi's stepfather and mother. (Pl.'s SMF ¶ 1; Defs.' SMF ¶ 1.) Massi is insured under the policy as a "resident relative." (Pl.'s SMF ¶ 2; Defs.' SMF ¶ 2.)

      2. provide a defense at our expense by counsel of our choice . . . .

(Pl.'s SMF ¶ 3; Defs.' SMF ¶ 3.) (emphasis in original). "Bodily injury" is defined as "physical injury, sickness or disease to a person. This includes required care, loss of services and death resulting thereon." (Pl.'s SMF ¶ 4; Defs.' SMF ¶ 4.) "Occurrence" is defined, in relevant part, as "an accident . . . ." (Pl.'s SMF ¶ 5; Defs.' SMF ¶ 5.)

      State Farm is currently defending Massi in the underlying suit pursuant to a reservation of rights. (Pl.'s Mem. Supp. Summ. J. ("Pl.'s Mem.") at 1, ECF No. 13-1.) State Farm filed this declaratory judgment action on January 14, 2016 (ECF No. 1) and its motion for partial summary judgment on March 16, 2016. (ECF No. 13.) Massi filed his response on April 15, 2016 (ECF No. 14) and State Farm replied one week later. (ECF No. 15.)

## II.

      Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the plaintiff. *Id*. at 252. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*.

      A Court must view the facts and draw all reasonable inferences in favor of the nonmoving party. *See In re Flat Glass Antitrust Litig.*, 385 F.3d 350, 357 (3d Cir. 2004). However, "an inference based upon a speculation or conjecture does not create a material factual

dispute sufficient to defeat entry of summary judgment." *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990). The party asserting a fact "must support the assertion by . . . citing to particular parts of material in the record . . . ." FED. R. CIV. P. 56(c)(1)(A).

### III.

### A.

The duty to defend is broader than the duty to indemnify. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225 (3d Cir. 2005). Accordingly, "there is no duty to indemnify if there is no duty to defend." *Id.* In determining whether State Farm owes a duty to defend Massi in the underlying lawsuit, the Court must examine the allegations in Mannon's complaint and the language of the State Farm policy. *See State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 110 (3d Cir. 2009) (citing *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290 (Pa. 2007)); *see also Gene's Restaurant, Inc. v. Nationwide Ins. Co.*, 548 A.2d 246, 247 (Pa. 1988).

If the complaint comprehends an injury "which may be within the scope of the policy, the company must defend the insured until the insurer can confine the claim to a recovery that the policy does not cover." *United Servs. Auto. Ass'n v. Elitzky,* 517 A.2d 982, 985 (Pa. Super. Ct. 1986) (citing *Vale Chemical Co. v. Hartford Acc. & Indem.,* 490 A.2d 896, 900 (Pa. Super. Ct. 1985)). However, "[t]o prevent artful pleading designed to avoid policy exclusions, it is necessary to look at the factual allegations in the complaint, and not how the underlying plaintiff frames the request for relief." *Allstate Ins. Co. v. Thompson*, No. 05-cv-5353, 2006 WL 2387090, at *2 (E.D. Pa. July 19, 2006) (quoting *Mut. Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999)). Indeed, "it is the substance, not the form, of the allegations that is the focus of the coverage inquiry." *Id.*

Massi's policy provides coverage for "bodily injury" resulting from an "occurrence." (Pl.'s SMF ¶ 3; Defs.' SMF ¶ 3.) The parties do not dispute that Mannon's alleged injuries constitute "bodily injury" within the meaning of the policy. (*See generally* Pl.'s Mem; Defs.' Mem. Opp. Pl.'s Mot. Summ. J. ("Defs.' Mem."), ECF No. 14-1.) The issue is whether Mannon's injuries were caused by an "occurrence," which the policy defines as an "accident." (Pl.'s SMF ¶ 5; Defs.' SMF ¶ 5.)

**B.**

The Pennsylvania Supreme Court has defined "accident" within an insurance policy as "an unexpected and undesirable event occurring unintentionally, and that the key term in the definition of the 'accident' is 'unexpected' which implies a degree of fortuity." *Donegal*, 938 A.2d at 292. Whether the conduct at issue was accidental must be analyzed from Massi's perspective. *See Mehlman*, 589 F.3d at 111. Qualifying something as an accident, therefore, depends on both the degree of foreseeability and the state of mind of the actor in intending the result. *Id.* Conduct is not "accidental" if the resulting injury "was the natural and expected result of the insured's actions." *Donegal*, 938 A.2d at 292.

Neither party disputes that Mannon's injuries were the foreseeable consequence of Massi's actions. (*See generally* Pl.'s Mem.; Defs.' Mem.) This does not end the inquiry, however, given that "imbibed intoxicants must be considered in determining if the actor has the ability to formulate an intent." *Mehlman*, 589 F.3d at 112 (quoting *Stidham v. Millvale Sportsmen's Club*, 618 A.2d 945, 953 (Pa. Super. Ct. 1992)). If the allegations establish that Massi lacked the ability to formulate intent, the resulting act cannot be intentional. *See id.* The mere fact that Massi was intoxicated, however, does not mean his actions should be automatically classified as accidental. *See id.* (citing *State Farm Mut. Auto. Ins. Co. v. Martin*,

5

660 A.2d 66, 68 (Pa. Super. Ct. 1995)).  Massi's level of intoxication "would have to be so severe that a court could find that [he] did not intend the natural and probable consequences of his actions."  *IDS Prop. Cas. Ins. Co. v. Schonewolf*, 111 F. Supp. 3d 618, 624 (E.D. Pa. 2015).

State Farm contends that *Mehlman* commands a finding that it has no duty to defend Massi since the allegations as a whole portray an intentional assault and battery.  (Pl.'s Reply Mem. Supp. Summ. J. ("Pl.'s Reply") at 3, ECF No. 15.)  In *Mehlman*, the Third Circuit held that an insurer had no duty to defend its insured because "the injured party [did] not make allegations indicating that [the] insured's intoxication prevented him from intending the consequences of his violent behavior."  *Mehlman*, 589 F.3d at 115.  Massi contends that the Court should instead follow *Schonewolf*, which found a duty to defend where the plaintiff alleged that the defendant's "negligence, carelessness and recklessness . . . consisted of . . . consuming alcoholic beverages . . . knowing that it would cause significant impairment and lapse of judgment and control."  *Schonewolf*, 111 F. Supp. 3d at 625 (citation omitted).  Giving this allegation the "widest possible reading," the court noted: "While the complaint is admittedly vague, there is a possibility that Schonewolf's actions could be classified as something other than intentional conduct, if the evidence shows that he was so intoxicated that he was unable to form the requisite intent."  *Id.*

Here, Massi's actions cannot reasonably be classified as anything other than intentional conduct.  Despite Mannon's "artful pleading," the *factual* allegations portray an intentional act for which there is no coverage under the policy.  The complaint alleges Massi was "acting in a violent, uncivilized, unruly and inappropriate manner." (Mannon Compl. ¶ 7.)  He was involved in multiple verbal and physical confrontations with other patrons.  (*Id.* ¶ 8.)  At approximately 1:33 a.m., security asked Massi to deescalate "an altercation with other patrons inside [the bar]."

6

(*Id.* ¶ 9.)  Sometime thereafter, Massi punched Mannon in the face and knocked him unconscious.  (*Id.* ¶ 10.)  Mannon also alleges that Massi "maliciously, wrongfully and offensively" struck him "in the face with a billiard ball."  (*Id.* ¶ 16.)  Nothing alleged indicates that Massi did not intend the "natural and expected" consequences of his actions.  *Donegal*, 938 A.2d at 292.

Mannon's complaint differs from the underlying pleading in *Schonewolf* in many ways.  Most notably, the plaintiff in that case "carefully couched his complaint in language that avoid[ed] labeling [the defendant's] actions as intentional."  *Schonewolf*, 111 F. Supp. 3d at 624.  Also relevant was the fact that the insured was under the age of 21, a fact the court found indicative of "negligent" conduct.  *Id.* at 626.

Massi urges the Court to interpret the allegations that he was "visibly intoxicated" and an "unreasonable hazard to himself, members of the public and other patrons" to mean that he lacked the ability to formulate the requisite intent.  (Defs.' Mem. at 10–13.)  These allegations are included in Mannon's premises liability claim against the bar under the Pennsylvania Dram Shop Act ("the Act").  Mannon must allege that Massi was "visibly intoxicated" because Section 4-497 of the Act is "clearly a limiting provision designed to specifically shield licensees from liability to third parties *except in those instances where the patron served was visibly intoxicated.*"  *Detwiler v. Brumbaugh*, 656 A.2d 944, 946 (Pa. Super. Ct. 1995) (emphasis added).  Crediting this type of artful pleading would impermissibly value the form of the complaint over its substance.  *See Thompson*, 2006 WL 2387090, at *2 ("it is the substance, not the form, of the allegations that is the focus of the coverage inquiry.").  Mannon's factual allegations do not suffice to show that Massi lacked intent.  Such an interpretation would be a

stretch and would allow Massi "to avoid the financial repercussions of [his] act of violence by drinking himself into insurance coverage." *Mehlman*, 589 F.3d at 114.

Massi "concede[s] that the allegations contained within [Mannon's] actual Negligence Count . . . are thin on detailed facts supporting that negligence," but nonetheless argues that the complaint as a whole supports an alternative theory of negligent behavior." (Defs.' Mem. at 8.) The Court disagrees. The *facts* in the underlying complaint portray an allegedly intoxicated person whose violent behavior culminated in Mannon being struck in the face and/or struck with a billiard ball, rendering him unconscious. Indeed, Mannon's negligence claim states that his injuries "were caused solely by the *intentional* act of [Massi] combined with" his carelessness and negligence; even the negligence claim alleges intentional conduct. (*Id.* ¶ 12.) (emphasis added). The complaint is not just "thin on detailed facts" supporting negligence or a lack of intent, it lacks such facts entirely. *See, e.g.*, *Stidham*, 618 A.2d at 948 (finding defendant may have lacked intent where plaintiff alleged that defendant occasionally experienced alcoholic blackouts).

## IV.

State Farm also contends that it has no duty to defend against Mannon's claim for punitive damages. (Pl.'s Mem. at 10.) Pennsylvania public policy provides that punitive damages are not covered under insurance policies. *See Aetna Cas. & Sur. Co. v. Roe*, 650 A.2d 94, 100 (Pa. Super. Ct. 1994). Massi concedes that the policy cannot cover a punitive damage claim. (Defs.' Mem. at 13.)

State Farm owes no duty to defend Massi in the underlying lawsuit. Because there is no duty to defend, there is no duty to indemnify. *Sikirica*, 416 F.3d at 225. An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.